# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 24-1901V

| | |
|---|---|
| AMIT PATIL,<br><br>　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: December 5, 2025 |

*Catherine W. Costigan*, Mctlaw, Washington, DC, for Petitioner.

*Sara DeStefano*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION AWARDING DAMAGES**[1]

On November 19, 2024, Amit Patil filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered from Guillain-Barré syndrome ("GBS") following receipt of an influenza vaccination on November 28, 2023. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On August 8, 2025, a ruling on entitlement was issued, finding Petitioner entitled to compensation for his GBS. On December 5, 2025, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $178,086.98, comprised of the following elements: $160,000.00 for pain and suffering, $3,848.46 for lost wages, and $14,238.52 for past unreimbursable expenses. Proffer at 2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $178,086.98, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| AMIT PATIL,<br><br>                Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | No. 24-1901V<br>Chief Special Master Brian H. Corcoran<br>ECF |

### **PROFFER ON AWARD OF COMPENSATION[1]**

On November 19, 2024, Amit Patil ("petitioner") filed a petition for compensation ("Petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34, as amended ("Vaccine Act" or "Act"). Petitioner alleges that he suffered the Vaccine Injury Table injury of Guillain-Barré syndrome ("GBS") that developed following an influenza ("flu") vaccine administered on November 28, 2023. Petition at 1, 13.

On August 8, 2025, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report concluding that this case is appropriate for compensation under the terms of the Act for a GBS Table injury, and on August 8, 2025, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation. ECF No. 22.

### **I.    Items of Compensation**

Based upon the evidence of record, respondent proffers that petitioner should be awarded the following:

---

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to address after the Damages Decision is issued.

    A.    <u>Pain and Suffering</u>

Respondent proffers that petitioner should be awarded **$160,000.00** in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

    B.    <u>Lost Earnings</u>

Evidence supplied by petitioner documents that he incurred lost earnings related to his vaccine-related injury. Respondent proffers that petitioner should be awarded past lost wages in the amount of **$3,848.46**. *See* 42 U.S.C. § 300aa-15(a)(3)(A). Petitioner agrees.

    C.    <u>Past Unreimbursable Expenses</u>

Evidence supplied by petitioner documents that he incurred past unreimbursable expenses related to his vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of **$14,238.52**. *See* 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

**II.**    **Form of the Award/Recommended Payment**

The parties recommend that the compensation provided to petitioner should be made through a lump sum payment as described below and request that the Chief Special Master's decision and the Court's judgment award the following[2]:

> A lump sum payment of **$178,086.98** to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner, Amit Patil.

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

VORIS E. JOHNSON
Assistant Director
Torts Branch, Civil Division

/s/ *Sara DeStefano*
SARA DESTEFANO
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146 Benjamin Franklin Station
Washington D.C. 20044-0146
Tel: (202) 307-6545
E-mail:  sara.destefano@usdoj.gov

DATED:  December 5, 2025

3